# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ARELLANO, a minor, by and through his Guardian Ad Litem, BERTHA HERNANDEZ, | Case No. 1:15-cv-01513-SMS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES |
| v. | |
| CITY OF HANFORD, and DOES 1 through 10, | ORDER GRANTING IN PART DEFENDANT'S  REQUEST FOR APPROPRIATE SANCTIONS |
| Defendants. | |
| | (Doc. 21) |

This action arose from the alleged conduct of multiple City of Hanford police officers surrounding the arrest of Plaintiff Seth Arellano for violating California Penal Code section 148(a)(1)[1] on September 11, 2014.  In Plaintiff's first amended complaint, filed on January 18,

---

[1]  Section 148(a)(1) provides:

> Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

Cal. Penal Code § 148(a)(1) (2014).

2016, Plaintiff makes claims under the federal constitution, the California constitution, the California Civil Code, and California tort laws.  Doc. 17.  Before the Court now is Defendant City of Hanford's "Motion to Compel Plaintiffs [*sic*] Initial Disclosures and Request for Appropriate Sanctions," which was set for a hearing on April  13, 2016.  Docs. 21, 26.  No joint statement concerning the discovery dispute was filed.  And Plaintiff filed no opposition to Defendant's motion to compel.

The Court found this matter suitable for consideration without oral argument and took the matter under submission under Local Rule 230(g).[2]

## I.    MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES

Defendant seeks a court order compelling Plaintiff to promptly serve their initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1)[3] and as directed by the Court in its January 28, 2016, scheduling order.

As an initial matter, the Court addresses the parties' failure to submit a joint statement concerning the discovery dispute.  Local Rule 251 requires the parties to confer and attempt to resolve their differences and submit a joint statement concerning a discovery disagreement unless "there has been a complete and total failure to respond to a discovery request or order" or "the only relief sought by the motion is the imposition of sanctions."  L.R. 251.  Defendant asserts there can be no compliance with Local Rule 251 due to a complete and total failure by Plaintiff to respond.  Doc. 22, pg. 4.  Indeed, absent communication from Plaintiff, as discussed below, no joint statement could have been filed and compliance with Local Rule 251 was therefore not required.

Rule 26(a)(1) sets forth the disclosures which a party must provide without awaiting a discovery request unless exempted, stipulated or ordered by the court.  *See* Fed. R. Civ. P. 26(a)(1).  The initial disclosures must be made within fourteen days of the parties' Rule 26(f)[4] conference

---

[2]  Valid local rules have the force of law.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).
[3]  All statutory references are to the Federal Rules of Civil Procedure unless stated otherwise.

absent stipulation, court order or objection by a party.  *Id.*; *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("A major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." ) (quotations and citation omitted).  Where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  Specifically, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.* at 37(a)(1).

Defendant avers it has not, to date, received Plaintiff's Rule 26(a)(1) disclosures, which has hampered its ability to obtain discovery essential to the defense.  Doc. 22.  Defendant submits, in support of its motion, the declaration of counsel, Mario Unser Zamora.  In his declaration, Mr. Zamora testified Plaintiff should have received Defendant's initial disclosures on February 22, 2016.  Yet Plaintiff did not, in turn, serve Defendant with initial disclosures.  Defendant thus sent a meet and confer letter, dated March 4, 2016, to Plaintiff.  But Plaintiff "never responded to the meet and confer, provided their initial disclosures, or contacted our office to discuss this matter."  Doc. 23, p. 2.  Additionally, Mr. Zamora testified that in an unrelated matter, Plaintiff's counsel, Dorinda J. Myers, informed Defendant she had secured new employment and "was in the process of closing her practice and that she was looking for an attorney to substitute in as Counsel."  Doc. 23, pg. 2.  But Defendant has not received a substitution of attorney or informed of a change in contact information for Ms. Myers.

Because Plaintiff did not oppose the motion to compel, as he was permitted under Local

---

[4]  Rule 26(f) sets forth the requirement of the parties' conference before a scheduling conference or scheduling order is submitted.

Rule 251,[5] he has, in fact, waived any objection to Defendant's motion.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Defendant, on the other hand, provides good faith evidence via Mr. Zamora's declaration,[6] that Plaintiff did not provide initial disclosures despite Defendant's request.  Under the circumstances, Defendant is entitled to the rule 26(a)(1) initial disclosures from Plaintiff.  The Court will therefore grant Defendant's meritorious motion to compel.

## II.      REQUEST FOR APPROPRIATE SANCTIONS

Defendant requests sanctions under rule 37(a)(3)(A) in the amount of $600.00 for counsel's time expended "in meeting and conferring, [and] drafting this motion and arguments thereof."  Doc. 22, pg. 5.

As noted, Rule 37(a)(3)(A) permits a party to seek sanctions when the other party fails to provide Rule 26(a) initial disclosures.  Further,

> [if] a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard*:
> **(A)** *may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .*

Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).  In that vein, Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within

---

[5]  Local Rule 251 states, in relevant part: "The responding party shall file a response thereto not later than seven (7) days before the hearing date."  L.R. 251(e).
[6]  A declaration used to support a motion is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the . . . declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56.

the inherent power of the Court." L.R. 110.

Again, Plaintiff did not oppose the motion to compel and thus provided no justification for failing to make the Rule 26(a)(1) initial disclosures. This failure was not harmless because it adversely affected Defendant's ability to mount a defense. Moreover, Defendant has incurred attorney's fees in bringing the motion to compel.

Mr. Zamora testified he spent two hours meeting, conferring, and preparing for the motion to compel, and anticipated spending an additional hour attending the hearing. Doc. 23, pg. 2. At a rate of $200 an hour, for three hours, Mr. Zamora's attorney fees amounted to $600. But because the Court vacated the hearing, Mr. Zamora expended no more than two hours on the motion to compel. Given Plaintiff's blatant refusal to comply with the rules despite the opportunity to do so, the Court will grant Plaintiff's request for sanctions in the amount of $400. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)"); *see also Johnson Int'l Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 439 fn 10 (8th Cir. 1994) (explaining that the purpose of sanctions under Rule 37 is "to deter abuse and compensate the opposing party for all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly") (quotations and citations omitted).

### III.   CONCLUSION

Accordingly, Defendant's motion to compel is GRANTED and the request for appropriate sanctions is GRANTED IN PART. The Court hereby ORDERS Plaintiff to:

///

///

///

///

///

5

1.  Serve complete F. R. Civ. P. 26(a)(1) initial disclosures no later than May 20, 2016; and

2.  PAY a $400 sanction to Defendant City of Hanford for failure to provide Rule 26(a)(1) initial

disclosures.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                              **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE