**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ARELLANO, a minor, by and through his Guardian Ad Litem, BERTHA HERNANDEZ,<br><br>               Plaintiffs,<br><br>  v.<br><br>CITY OF HANFORD, and DOES 1 through 10,<br><br>               Defendants. | Case No. 1:15-cv-01513-SMS<br><br>ORDER GRANTING IN PART DEFENDANT'S  MOTION FOR ADDITIONAL SANCTIONS<br><br>ORDER TO SHOW CAUSE<br><br>(Doc. 28)<br><br>Date:     August 24, 2016<br>Time:    1 p.m.<br>Location:  Courtroom 1 – 8th Floor |

This matter is before the Court on Defendant City of Hanford's motion to compel additional sanctions against Plaintiffs for failure to comply with the Court's April 20, 2016 order.  Doc. 29. Defendant filed the motion on June 9, 2016, with a hearing date set for July 20, 2016.  Doc. 28. Plaintiffs did not oppose the motion.

The Court found this matter suitable for consideration without oral argument, vacated the hearing, and took this matter under submission.  Doc. 32.

## I.    FACTUAL BACKGROUND

In an order dated April 20, 2016, the Court directed Plaintiffs to serve complete Rule 26(a)(1)[1] initial disclosures no later than May 20, 2016, and to pay a $400 sanction to Defendant for

---

[1]  Unless noted otherwise, all references are to the Federal Rules of Civil Procedure.

failure to timely provide the initial disclosures.  Doc. 27.  Nearly two months later, Defendant filed

this motion alleging that Plaintiffs have not complied with the Court's order.  In the attached

declaration, Defendant's counsel, Mariou U. Zamora, asserts that to date, Plaintiffs have not

provided the initial disclosures.  Consequently, Defendant requests the Court dismiss this case and

impose monetary sanctions under Rule 37(b)(2)(C) in the amount of $800.00 for counsel's time

expended in bringing this motion and attending the hearing that was scheduled.

## II.    ANALYSIS

### a.  *Terminating Sanctions*

With regard to terminating sanctions, the Ninth Circuit has:

> constructed a five-part test, with three subparts to the fifth part, to
> determine whether a case-dispositive sanction under Rule 37(b)(2) is
> just: (1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its dockets; (3) the risk of prejudice to the
> party seeking sanctions; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic sanctions.
> The sub-parts of the fifth factor are whether the court has considered
> lesser sanctions, whether it tried them, and whether it warned the
> recalcitrant party about the possibility of case-dispositive sanctions.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)

(internal quotations and footnotes omitted).  Importantly, "[t]his test is not mechanical.  It provides

the district court with a way to think about what to do, not a set of conditions precedent for

sanctions or a script that the district court must follow[.]"  *Id.*

Under the circumstances, the first and second factors weigh in favor of Defendant, and the

third, fourth and fifth factors weigh in favor of Plaintiffs.  Dispositive here is the fifth factor.

Because the Court did not warn Plaintiffs about the possibility of dismissal of this case and because

a less drastic alternative remains—namely an opportunity to show cause—it is hard pressed to grant

Defendant's request.  The Court therefore declines to impose terminating sanctions.

### b.  *Monetary Sanctions*

Where a party fails to comply with a court order, rule 37(b)(2)(C) provides, in relevant part:

"[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Similarly, Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Plaintiffs do not oppose Defendant's motion here. They provide no justification for failing to comply with the Court's April 20, 2016 order. The Court's explanation therein applies with equal force here. Plaintiffs' conduct adversely affected Defendant's ability to mount a defense. And once again, Defendant has incurred attorney's fees in bringing another motion.

Mr. Zamora declared he spent one hour preparing this motion and anticipated spending an additional three hour attending the hearing on this motion. Doc. 30. At a rate of $200 an hour, for four hours, Mr. Zamora's attorney fees amounted to $800. But because the Court vacated the hearing, Mr. Zamora expended no more than one hour on the motion to compel. Given Plaintiff's continued refusal to comply with the rules despite the opportunity to do so, the Court will impose monetary sanctions in the amount of $200. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court.") (citations omitted); *see also Johnson Int'l Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 439 fn 10 (8th Cir. 1994) (explaining that the purpose of sanctions under Rule 37 is "to deter abuse and compensate the opposing party for all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly") (quotations and citations omitted).

**III.     CONCLUSION**

 Accordingly, the Court:

1.  DENIES Defendant's request for terminating sanctions.

2.  GRANTS IN PART Defendant's request for monetary sanctions.  Plaintiffs to PAY a
    $200 sanction to Defendant for time expended in bringing this motion.

3.  ORDERS Plaintiffs to appear telephonically at a hearing scheduled for August 24, 2016,
    at 1 p.m. in Magistrate Judge Sandra M. Snyder's courtroom, to show why this case
    should not be dismissed for failure to comply with the Court's April 20, 2016 order.
    Defendant is also directed to appear telephonically for the hearing.   The parties are
    directed to dial 1-866-590-5055 and use the passcode 5453256.   Plaintiffs are
    admonished that failure to timely comply with this order will result in dismissal of this
    action.

IT IS SO ORDERED.

 Dated:   __July 27, 2016__                    _____**/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE