**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ARELLANO, a minor, by and through his Guardian Ad Litem, BERTHA HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HANFORD, and DOES 1 through 10,<br><br>Defendants. | Case No. 1:15-cv-01513-SMS<br><br>ORDER DISMISSING CASE WITH PREJUDICE |

This matter is before the Court on Plaintiffs' continued refusal to obey court orders. For the reasons that follow, the Court will dismiss this case with prejudice and direct the Clerk of Court to close the case.

**I.     BACKGROUND**

Under the Court's scheduling order, issued January 28, 2016, Fed. R. Civ. P. 26(a)(1)[1] initial disclosures were due February 19, 2016. Doc. 19. On March 16, 2016, Defendant City of Hanford filed a motion to compel Plaintiffs' initial disclosures and for monetary sanctions. Doc. 21. Plaintiffs did not oppose the motion. On April 20, 2016, the Court issued an order directing Plaintiffs to serve complete initial disclosures no later than May 20, 2016, and granted in part the request for monetary sanctions. Doc. 27.

---

[1] All statutory references are to the Federal Rules of Civil Procedure unless stated otherwise.

1

Less than two months later, on June 9, 2016, Defendant filed a motion for terminating and monetary sanctions based on Plaintiffs' failure to obey the Court's April 20, 2016 order. Doc. 28. Again, Plaintiffs did not oppose the motion. In an order dated July 27, 2016, the Court granted in part the request for monetary sanctions, but denied the request for terminating sanctions. The Court reasoned that the circumstances warranted giving Plaintiffs an opportunity to show cause, and a hearing was scheduled for August 24, 2016. The Court cautioned Plaintiffs that failure to timely comply with the order would result in dismissal of this case. Doc. 34. Plaintiffs did not appear at the hearing.

In light of Plaintiff's refusal to obey the Court's scheduling and subsequent orders, it will now consider the imposition of terminating sanctions, namely dismissal of this action in whole.

**II.    ANALYSIS**

Rule 16 states in relevant part: "[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . **(C)** fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).[2] Rule 37 provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . **(v)** dismissing the action or proceeding in whole or in part[.]

Fed. R. Civ. P. 37(b)(2)(A)(v). With regard to dismissal, the Ninth Circuit has:

> constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

---

[2] Also applicable here is Local Rule 110, which states: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotations and footnotes omitted).  Notably, "[t]his test is not mechanical.  It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]"  *Id.*

As stated in the July 27, 2016 order, the first and second factors weigh in favor of Defendant, but the third and fourth factors weigh in favor of Plaintiffs.  That continues to hold true.  The Court's decision therefore turns on the fifth factor.

Plaintiff's noncompliance began with the scheduling order and, despite the imposition of monetary sanctions, continued with the Court's April 20, 2016 order.  Nonetheless, the Court gave Plaintiffs an opportunity to appear and explain why this case should not be dismissed, and warned that noncompliance would result in dismissal.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) ("the case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the [less drastic sanctions] requirement") (internal quotations and citations omitted).  But, still, Plaintiffs persisted.  Their noncompliance and silence leaves the Court with only the option of dismissal.

**III.    CONCLUSION**

Accordingly, it is HEREBY ORDERED that this case be DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 31, 2016**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE